Non proIN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

     Plaintiff,

v.                                                                 No.    12-cr-2653 RB
                                                                                16-cv-0671 RB/SMV

GILBERT CONTRERAS,

     Defendant.

## ORDER ADOPTING MAGISTRATE JUDGE'S
## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition [CR Doc. 47; CV Doc. 12] ("PF&RD") issued December 6, 2016. On reference by the undersigned, [CR Doc. 36; CV Doc. 2], the Honorable Stephan M. Vidmar, United States Magistrate Judge, recommended denying Defendant Gilbert Contreras's Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255 [CR Doc. 34; CV Doc. 1]. Contreras objected to the PF&RD on December 15, 2016. [CR Doc. 48; CV Doc. 13]. The United States neither objected to the PF&RD nor responded to Contreras's objections. On de novo review of the portions of the PF&RD to which Contreras objects, the Court will overrule the objections, adopt Judge Vidmar's recommendation to deny Contreras's Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255 [CR Doc. 34; CV Doc. 1], and dismiss case number 16-cv-0671 RB/SMV with prejudice.

## I. Background

On October 18, 2012, Contreras was charged with one count of being a felon in possession of a firearm and ammunition, 18 U.S.C. §§ 922(g)(1), 924(e). Presentence Report

("PSR") at 4.  On November 30, 2012, he pleaded guilty to the offense.  *Id.*  United States Probation and Pretrial Services submitted his PSR to the Court on February 14, 2013; the PSR was revised on March 15, 2013, and again on July 22, 2013.  *Id.* at 1; Second Addendum to the PSR at 1–2.  The PSR provided that, pursuant to Guidelines § 2K2.1(a) (the provision that sets out the sentencing guideline for § 922(g)(1) offenses), Contreras had a base offense level of 20 because he had "sustain[ed] at least one felony conviction of either a crime of violence or a controlled substance."  PSR at 7–8.  The PSR indicated that Contreras's prior robbery conviction under NMSA 1978, § 30-16-2, met "the federal definition of crime of violence," as set out in § 4B1.2(a) of the Guidelines.  *Id.*  After an upward adjustment based on the specific characteristics of his offense and a downward adjustment for acceptance of responsibility, Contreras's total offense level was 21, with a criminal history category of VI.  [Doc. 1][1] at 2; PSR at 8, 16.  He thus faced 77–96 months' imprisonment under the Guidelines.  [Doc. 1] at 2; PSR at 23.  Contreras's guideline range was further adjusted downward to 51–70 months under § 5G1.3(b), because he had an undischarged term of imprisonment for a conviction in state court stemming from the same incident for which he was convicted in federal court in the instant case. Second Addendum to the PSR at 1.

On July 23, 2013, the Court sentenced Contreras to 51 months' imprisonment. [CR Doc. 30] at 2; [CR Doc. 31] at 2.[2]  Contreras did not appeal his conviction or sentence.  The instant case is his first motion under § 2255.

---

[1] Unless specifically noted otherwise, citations to document numbers refer to the docket in the civil case, case number 16-cv-0671 RB/SMV.
[2] The Amended Judgment, filed July 25, 2013 [CR Doc. 31], did not alter the sentence imposed.

On reference by the undersigned, Judge Vidmar found that Contreras's prior conviction for violating NMSA 1978, § 30-16-2 (New Mexico robbery) qualified as a crime of violence under the so-called "force clause" of U.S. Sentencing Guidelines Manual ("Guidelines") § 4B1.2(a).  He further found that the underlying conviction qualified as an enumerated offense in the commentary accompanying § 4B1.2(a).  Because he found that Contreras's sentence was enhanced under the force clause and the Guidelines commentary—irrespective of the now-unconstitutional "residual clause"—Judge Vidmar recommended that Contreras's motion be denied.  [Doc. 12].

## II. Motions under § 2255 and *Johnson v. United States*

Pursuant to 28 U.S.C. § 2255(a), a "prisoner in custody" pursuant to a federal conviction may "move the court" "to vacate, set aside or correct the sentence" if it "was imposed in violation of the Constitution or laws of the United States."

In *Johnson v. United States* (*Johnson II*), 135 S. Ct. 2551, 2557 (2015), the Supreme Court held that the so-called "residual clause" of the definition of "violent felony" in the Armed Career Criminal Act ("ACCA") was unconstitutionally vague.  The ACCA defined "violent felony" as follows:

> any crime punishable by imprisonment for a term exceeding one year . . . that —
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious  potential risk of physical injury to another*.

18 U.S.C. § 924(e)(2)(B) (emphasis added).   The closing words of this definition, italicized above, have come to be known as the "residual clause."

The Court explained that the residual clause left "grave uncertainty" about "deciding what kind of conduct the 'ordinary case' of a crime involves." *Johnson II*, 135 S. Ct. at 2557. That is, the residual clause "denie[d] fair notice to defendants and invite[d] arbitrary enforcement by judges" because it "tie[d] the judicial assessment of risk to a judicially imagined 'ordinary case' of a crime, not to real-world facts or statutory elements." *Id.*   Second, ACCA's residual clause left "uncertainty about how much risk it takes for a crime to qualify as a violent felony." *Id.* at 2558.   By combining these two indeterminate inquiries, the Court held, "the residual clause produces more unpredictability and arbitrariness than the Due Process Clause tolerates." *Id.*   On that ground it held the residual clause void for vagueness. *Id.*

Soon thereafter, the Court determined that the ruling in *Johnson II* was substantive (as opposed to procedural) and, therefore, had "retroactive effect in cases on collateral review." *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016).   Accordingly, *Welch* opened the door for individuals sentenced under the residual clause of the ACCA's violent-felony definition to move to vacate their sentences as unconstitutional under § 2255.

Contreras, however, was not sentenced under the ACCA.   He was sentenced under § 2K2.1 of the Sentencing Guidelines, which provides for a sentencing enhancement where the defendant has a prior felony conviction for a "crime of violence" as that term is defined in § 4B1.2(a) of the Guidelines.   Like the ACCA, the definition of "crime of violence" under § 4B1.2(a) of the Guidelines includes a residual clause.

> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that —
>> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

§ 4B1.2(a) (2012) (emphasis added).[3]  The closing words of this definition, italicized above, have come to be known as the "residual clause" of the career offender guideline's definition of crime of violence.

Contreras argued that because the residual clause in the Guidelines definition of crime of violence mirrored the residual clause in the ACCA's definition of violent felony, the Supreme Court's holding in *Johnson II* (i.e., that the ACCA's residual clause was unconstitutionally vague) should apply equally to the residual clause in § 4B1.2(a).  In other words, Contreras asked the Court to extend *Johnson II* beyond the ACCA to the Guidelines.[4] There is some support for his position.

In *United States v. Madrid*, 805 F.3d 1204, 1210 (10th Cir. 2015), the Tenth Circuit applied *Johnson II* outside of the context of the ACCA to invalidate the residual clause of the

---

[3] Neither Contreras nor the government explicitly stated which edition of the Guidelines they relied on.  The PSR stated that the 2012 edition of the Guidelines was used to determine Contreras's offense level.  PSR at 7.  Therefore, Judge Vidmar reviewed the 2012 edition, as does the Court.

[4] Contreras did not raise this issue on direct appeal.  Generally, claims that were not raised on direct appeal are procedurally defaulted and cannot be raised in a § 2255 motion unless the defendant can show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed.  *United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994).  However, the government did not raise procedural default as a defense, and Judge Vidmar declined to address it sua sponte, as does the Court.  *See Hines v. United States*, 971 F.2d 506, 509 (10th Cir. 1992) (holding that, in a § 2255 motion, the district court may raise procedural default sua sponte); *but see Gray v. Netherland*, 518 U.S. 152, 165–66 (1996) (commenting that, in a § 2254 petition, procedural default is waived if not raised by the government).

career offender guideline. However, *Madrid* was not a collateral attack on a sentence; it was a direct appeal. This distinction matters because, in order to rely on *Madrid* for the instant motion under § 2255, Contreras must show that the rule in *Madrid* is retroactive. There is no *Welch* corollary expressly holding that *Madrid* is or is not retroactive, and the parties disputed whether *Madrid* should apply retroactively. *Compare* [Doc. 1] at 3, *and* [Doc. 11] at 1–6, *with* [Doc. 8] at 2–11.

These issues—whether *Johnson II* should be extended to the career offender guideline and, if so, whether such ruling should apply retroactively—are currently before the Supreme Court in *Beckles v. United States* (S. Ct. No. 15-8544). The United States moved to stay Contreras's § 2255 motion pending the Court's ruling in *Beckles*. [Doc. 3]. Contreras opposed the stay because he expects to be released before *Beckles* is decided. [Doc. 4] at 2. He contended that a stay would prejudice him because, if his motion were to be granted and he were to be resentenced, he likely would be eligible for immediate release. *See id.* The United States filed no reply in support of its motion to stay. It did not dispute that a stay would prejudice Contreras. Therefore, on September 21, 2016, Judge Vidmar denied the motion to stay. [Doc. 6].

### III. Judge Vidmar found that Contreras's conviction under New Mexico's robbery statute qualifies as a crime of violence.

Contreras's sentence was enhanced under the Guidelines based on a prior conviction under the New Mexico robbery statute, NMSA 1978, § 30-16-2.[5] PSR at 7–8. His total offense

---

[5] At certain points in his motion, Contreras referred, confusingly, to two separate prior convictions. He referred to prior convictions for "robbery in violation of NMSA 1978, § 30-3-2(A), and § 30-16-02" as well as "aggravated

level—and thus the guideline range under which he was sentenced—was calculated according to § 2K2.1 based on a finding that his prior robbery conviction qualified as a "crime of violence," as that term is defined in § 4B1.2 of the Guidelines.  *Id.*

Contreras argued that his robbery conviction could have qualified as a crime of violence only under the residual clause of § 4B1.2(a).  [Doc. 1] at 4.  He argued that the Court should apply *Madrid* retroactively and resentence him.  The United States argued that *Johnson II* was not retroactively applicable in Guidelines cases on collateral review.  [Doc. 8] at 2.  The government further argued that, even if the holding in *Johnson II* were to be extended retroactively to Guidelines cases on collateral review, Contreras still would not be entitled to resentencing because his prior conviction for robbery qualifies as a crime of violence under § 4B1.2 even absent the unconstitutionally vague residual clause.  *Id.* at 11.  In the main, the government argued that Contreras's robbery conviction qualifies as a crime of violence because robbery is one of the offenses enumerated in the commentary accompanying § 4B1.2.  *Id.*

Judge Vidmar agreed with the United States.  He found that Contreras's conviction under § 30-16-2 "has as an element the use, attempted use, or threatened use of physical force against the person of another"; therefore, he found, it qualifies as a crime of violence under the "force clause" of § 4B1.2 of the Guidelines.[6]  Judge Vidmar further found that Contreras's prior

---

assault."  [Doc. 1] at 4, 15.  Section 30-16-2 is the New Mexico robbery statute.  Section 30-3-2 is the New Mexico aggravated assault statute.  The PSR referred to a single qualifying prior felony, robbery under § 30-16-2, and it did not list aggravated assault as one of Contreras's prior convictions.  PSR at 7–8, 9–15.  Additionally, Contreras's substantive analysis considered only the prior robbery conviction, and the government made no reference to aggravated assault.  Therefore, Judge Vidmar considered only the underlying robbery conviction, and the Court does the same.

[6] In his reply, Contreras stated that, in another case, the government conceded that New Mexico robbery does not qualify under the force clause of the definition of crime of violence.  [Doc. 11] at 6.  Contreras further asserted that,

conviction qualifies as a crime of violence based on the inclusion of robbery as an enumerated offense in the commentary to § 4B1.2.

> A. To determine whether an underlying conviction qualifies as a crime of violence under the force clause, courts compare the force element of the crime of conviction with the physical force requirement of the force clause.

The so-called "force clause" of § 4B1.2 provides that an underlying conviction is a crime of violence where it "has as an element the use, attempted use, or threatened use of physical force against the person of another." § 4B1.2(a)(1). To determine whether a past conviction qualifies as a crime of violence under the force clause, courts compare § 4B1.2(a)(1) with the elements of the underlying state statute. Specifically, courts must determine whether the force required for a conviction under the pertinent state statute is sufficient to satisfy the physical force requirement of § 4B1.2(a)(1) of the Guidelines. In determining whether a statute of conviction satisfies the force clause, courts apply the "categorical approach." *United States v. Ramon Silva*, 608 F.3d 663, 669 (10th Cir. 2010). That is, courts look only to "the fact of conviction and the statutory definition of the prior offense, and do not generally consider the particular facts disclosed by the record of conviction." *Id.* (internal quotation marks omitted). Determinations of the force required for conviction of the underlying state statute are governed by state law. *United States v. Harris*, 844 F.3d 1260, 1264 (10th Cir. 2017). On the other hand, the meaning

---

in this case, the government "[did] not argue" that New Mexico robbery qualifies under the force clause. *Id.* Therefore, Contreras contended, the government "has conceded" this argument. *Id.* at 6. Judge Vidmar found, however, that Contreras cited no authority for the proposition that a party who takes a certain position on a legal issue in one case subsequently is bound to maintain that position in all future cases in which that issue arises, in perpetuity. [Doc. 12] at 7 n.6. Judge Vidmar further found that, while the government did devote its analysis to an alternate line of argument, it did not abandon the force clause argument altogether. *See id.* (citing [Doc. 8] at 13 ("'[T]he Tenth Circuit has already concluded that New Mexico's robbery statute constitutes a crime of violence under § 4B1.2(a)(1).'" (quoting *United States v. Barela*, No. 15-3550, 2016 WL 5395275, at *3 (D.N.M. Sept. 16, 2016) (alterations in original)))). Therefore, Judge Vidmar conducted his own analysis into whether New Mexico robbery qualifies as a crime of violence under the force clause of the Guidelines, as does the Court.

of "physical force" within the Guidelines' force clause is a question of federal law. *Id.*; *United States v. Rivera-Oros*, 590 F.3d 1123, 1126 (10th Cir. 2009).

At base, courts must determine whether the least culpable conduct criminalized by the state statute—here, the least amount of force required to sustain a conviction for robbery under § 30-16-2—meets the physical force requirement of the force clause. In discerning the level of force that gives rise to conviction under the state statute, there must be a "*realistic probability*, not a theoretical possibility*," that the state statute would apply to the conduct contemplated. *Rivera-Oros*, 590 F.3d at 1133 (quoting *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007)).

**B. Judge Vidmar found that "physical force" under the force clause
means violent force; mere touching is not enough.**

Judge Vidmar first considered the meaning of "physical force," as that term is used in the force clause of the Guidelines. [Doc. 12] at 8–10. In 2010, the Supreme Court interpreted the meaning of "physical force" under the ACCA's definition of "violent felony." *Johnson v. United States* (*Johnson I*), 559 U.S. 133, 138–40 (2010). The Court found that Florida's battery law, whose force element the Florida Supreme Court had interpreted to require "*any* intentional physical contact, 'no matter how slight,'" did not satisfy the force clause of the ACCA's definition of violent felony. *Id.* at 138 (quoting *State v. Hearns*, 961 So. 2d 211, 218 (Fla. 2007)). A force element that could be met by "[t]he most 'nominal contact,'" the Court held, is broader than the physical force requirement in the force clause of the ACCA. *Id.* at 138, 140–41 (quoting *Hearns*, 961 So. 2d at 219). The Court concluded that "physical force" "means *violent* force—that is, force capable of causing physical pain or injury to another person." *Id.* at 140.

Judge Vidmar looked to decisions of the Tenth Circuit that further analyzed the meaning of "physical force" following the Supreme Court's decision in *Johnson I*.[7]  [Doc. 12] at 9–10. Relying on *Johnson I*, the Tenth Circuit has held that the Oklahoma battery law, whose "'force or violence'" element could be satisfied by "'only the slightest touching,'" did not qualify under the force clause.  *United States v. Smith*, 652 F.3d 1244, 1247 (10th Cir. 2011) (quoting *Steele v. State*, 778 P.2d 929, 931 (Okla. Crim. App. 1989)).

On the other hand, the Tenth Circuit has found that a conviction under New Mexico's "apprehension causing" aggravated assault statute—which required for conviction proof of "threaten[ing] or engag[ing] in menacing conduct with a deadly weapon toward a victim, causing the victim to believe he or she was about to be in danger of receiving an immediate battery"— did qualify as a violent felony under the force clause.  *Ramon Silva*, 608 F.3d at 670–71 (internal quotation marks omitted).  The court held that the New Mexico statute contemplated sufficient force to qualify as a violent felony under the ACCA in part because, even though it did not require actual physical contact or violence against the victim, the conduct that it criminalized "'could always lead to . . . substantial and violent contact, and thus it would always include as an element' the threatened use of violent force."  *Id.* at 672 (quoting *United States v. Treto-Martinez*, 421 F.3d 1156, 1160 (10th Cir. 2005)).  Further, the conduct "'could at least put the victim on notice of the possibility that the weapon will be used more harshly in the future,

---

[7] Judge Vidmar noted that the Tenth Circuit has extended the interpretation of "physical force" under the ACCA's force clause to interpretations of "physical force" under the identical force clause in § 4B1.2 of the Guidelines. [Doc. 12] at 9 (citing *United States v. Mitchell*, 653 F. App'x 639, 644 (10th Cir. 2016)).  He found that the Tenth Circuit has "'consistently applied the same analysis'" to analogous provisions of the ACCA and the Guidelines where the provisions contain "'virtually identical'" language.  *See id.* (quoting *Mitchell*, 653 F. App'x at 642).  Thus, Judge Vidmar found that both ACCA and Guidelines cases were authoritative in interpreting the physical force requirement.

thereby constituting a threatened use of force.'"  *Id.* (quoting *United States v. Dominguez*, 479 F.3d 345, 349 (5th Cir. 2007)); *see also Mitchell*, 653 F. App'x at 645 (holding that an Oklahoma law criminalizing the "intentional attempt or threat to commit violence on another . . . with a weapon capable of causing great bodily harm" satisfied the force clause and was a qualifying crime of violence).

C. Judge Vidmar found that New Mexico robbery requires force<br>sufficient to satisfy the physical force requirement of the force clause.

Judge Vidmar next assessed the degree of force required to satisfy the force element of New Mexico robbery, Contreras's underlying statute of conviction.  [Doc. 12] at 10–16.  The statute provides:

> Robbery consists of the theft of anything of value from the person of another or from the immediate control of another, by use or threatened use of force or violence.
>
> Whoever commits robbery is guilty of a third degree felony.
>
> Whoever commits robbery while armed with a deadly weapon is, for the first offense, guilty of a second degree felony and, for second and subsequent offenses, is guilty of a first degree felony.

NMSA 1978, § 30-16-2.  The parties agreed that Contreras was convicted of third degree robbery.  *See* [Doc. 1] at 5; [Doc. 8] at 12.

Judge Vidmar found that New Mexico robbery contains a force element: it requires that the theft be committed "'by use or threatened use of force or violence.'"  [Doc. 12] at 11 (quoting § 30-16-2).  "'The use of force, violence, or intimidation is an essential element of robbery.'"  *Id.* (quoting *State v. Lewis*, 1993-NMCA-165, ¶ 8, 116 N.M. 849).  Further, he found, courts are required to evaluate the *degree* of force employed in the commission of the theft to

determine whether conviction under the robbery statute was proper. *Id.* at 12–13 (citing *State v. Clokey*, 1976-NMSC-035, ¶ 3, 89 N.M. 453 ("The question of whether or not the snatching of the purse from the victim was accompanied by sufficient force to constitute robbery is a factual determination, within the province of the jury's discretion.")). Importantly, the force must be exercised against the person of another. *Id.* at 11 (citing *State v. Bernal*, 2006-NMSC-050, ¶ 28, 140 N.M. 644 ("Robbery is not merely a property crime, but a crime against a person.")).

Judge Vidmar found that New Mexico courts require more than mere *de minimis* force to sustain a conviction under the New Mexico robbery statute. *See id.* at 11–14. He ultimately concluded that New Mexico robbery entails force, or the threat of force, akin to the force required to meet the physical force requirement of the force clause. *Id.* at 18.

To reach this conclusion, Judge Vidmar considered the reasoning expressed in two New Mexico court decisions distinguishing robbery from the less serious crime of larceny. *Id.* at 12–14. First, he looked to the New Mexico Court of Appeals' decision in *State v. Curley*, 1997-NMCA-038, 123 N.M. 295. [Doc. 12] at 13. The court in *Curley* held that "'when no more force is used than would be necessary to remove property from a person who does not resist, then the offense is larceny, and not robbery.'" *Id.* (quoting *Curley*, 1997-NMCA-038, ¶ 6). Theft constitutes robbery only where it is accomplished using "'force necessary to overcome any resistance.'" *Id.* (quoting *Curley*, 1997-NMCA-038, ¶ 18 (defendant was entitled to the lesser included offense of larceny because a jury could have found that he took a purse by surprise from a victim who was not resisting)). The force element of New Mexico robbery rests on the principle that robbery is not merely a property crime, it is a crime against a person—this is

what distinguishes it from larceny. *Id.* (citing *Curley*, 1997-NMCA-038, ¶ 11). Therefore, courts should construe the "'resistance of attachment'" requirement "'in light of the idea that robbery is an offense against the person, and something about that offense should reflect the increased danger to the person that robbery involves over the offense of larceny.'" *Id.* (quoting *Curley*, 1997-NMCA-038, ¶ 11). "'[A]n increase in force that makes the victim aware that her body is resisting could lead to the dangers that the crime of robbery was designed to alleviate.'" *Id.* (quoting *Curley*, 1997-NMCA-038, ¶ 13).

Judge Vidmar also found instructive the reasoning of the Supreme Court of New Mexico in *State v. Bernal*, 2006-NMSC-050, 140 N.M. 644. [Doc. 12] at 14. As the Court in *Bernal* stated, "'robbery is a crime designed to punish the use of violence'" and "'to protect citizens from violence.'" *Id.* (quoting *Bernal*, 2006 NMSC-050, ¶¶ 27–28 (holding that the Double Jeopardy Clause is not offended by allowing, for a single act, separate charges for each victim "against whom violence or the threat of violence is separately used")).

In other words, Judge Vidmar found that the force used to commit a robbery is that which puts the victim on notice of the theft and creates the possibility of a dangerous and violent confrontation. *Id.* at 13–14. The rationale behind the force element of New Mexico robbery, he found, tracks that identified by the Tenth Circuit in defining a violent felony in *Ramon Silva*— the prohibited conduct constitutes a violent felony because it "'could always lead to . . . substantial and violent contact.'" *Id.* at 14 (quoting *Ramon Silva*, 608 F.3d at 672).

Judge Vidmar analyzed Contreras's authorities and arguments to the contrary and found them to be unpersuasive. *Id.* at 14–18. Contreras cited case law stating that the degree of force

used to commit robbery in New Mexico is "immaterial" or "not . . . determinative." *Id.* at 11–12 (internal quotation marks omitted).   However, Judge Vidmar found that the cases cited by Contreras were not interpreting the "use or threatened use of force" element, but rather the additional requirement that such force be employed in the act of taking away the property.   *Id.* at 12 (citing *State v. Martinez*, 1973-NMCA-120, ¶¶ 4–5, 85 N.M. 468 (court did not need to consider the force employed during a fight between the defendant and victim that occurred *after* the theft in question because "the ripping of the [victim's] jacket pocket in grabbing the money, and knocking the victim against the railing, was a showing of sufficient use of force to sustain the conviction"); *Lewis*, 1993-NMCA-165, ¶ 12 (the defendant's use of a weapon to "hold [the] victim at bay as he escaped" was not sufficient to satisfy the force requirement of the New Mexico robbery statute because the money itself had been "removed and separated from his person by stealth")).   It was not that the New Mexico courts did not consider the degree of force used by the defendant; rather, in stating that the degree of force was not determinative, the courts meant that they must evaluate *when* the force or violence was deployed by the defendant.

Judge Vidmar found unavailing the other authorities Contreras cited for the proposition that New Mexico robbery can be accomplished with minimal force.   *Id.* at 14–15.   Although Contreras asserted that robbery could be committed through the exertion of just the amount of force required to remove the object from the victim or through a pickpocket's mere "jostling" of the victim to divert his or her attention, Judge Vidmar found that Contreras cited no New Mexico case in which a robbery conviction had been upheld on such minimal force.   *Id.* (citing *State v. Martinez*, 1973-NMCA-120, ¶ 5 (the defendant ripped the victim's pocket and knocked the

victim against a railing); *State v. Segura*, 1970-NMCA-066, ¶¶ 2–3, 81 N.M. 673 (the defendant grabbed the victim's bag and, while the victim held on to the bag as they engaged in an altercation, the victim lost her balance and fell to the ground); *State v. Verdugo*, 2007-NMCA-095, ¶ 26, 142 N.M. 267 (holding, in a single sentence without further analysis, sufficient evidence of force existed where the defendant attempted to grab the victim's purse from around her arm and the victim "struggled to retain control" until the purse strap broke); *State v. Pitts*, 1985-NMCA-045, ¶ 16, 102 N.M. 747 (the defendant grabbed the victim and locked her into a cell)).   Judge Vidmar found that the conclusion Contreras urged the Court to draw from these cases—that New Mexico robbery could be completed with *de minimis* force—ran counter to the principles set out in *Curley* and *Bernal*.   *Id.* at 14–15.   As Judge Vidmar found, the distinguishing feature of robbery under New Mexico law—as opposed to mere larceny—is the use of force necessary to overcome any resistance; where there is no possibility of resistance (as in pickpocket cases), there is no robbery.   *Id.*

Contreras also urged Judge Vidmar to take the position of a number of other courts outside the Tenth Circuit, which have held that various state robbery statutes and other statutes containing a similar force element did not satisfy the physical force requirement of § 4B1.2(a)(1).   *Id.* at 16–18.   Again, Judge Vidmar was not persuaded.   As to the vast majority of cases Contreras cited, Judge Vidmar found that the courts were evaluating statutes whose force elements could be satisfied by the use of *de minimis* force.   *Id.* at 16–17.   Because, as he had already concluded, New Mexico's robbery statute requires more than *de minimis* force, this body of case law was not on point.   *Id.*   Judge Vidmar acknowledged that some circuits have held that

statutes requiring comparable or more force than is required to satisfy the New Mexico robbery statute do not satisfy the physical force standard. *Id.* at 17–18. However, Judge Vidmar noted that some of the case law stands contrary to Tenth Circuit law interpreting similar statutes. *Id.* He further observed (correctly) that the law of other circuits does not bind this Court. *Id.*

Finally, Judge Vidmar noted that, prior to the Supreme Court's decision in *Johnson I*, the Tenth Circuit had concluded that New Mexico robbery constitutes a "violent felony" under the ACCA. *Id.* at 16 (citing *United States v. Lujan*, 9 F.3d 890, 891–92 (10th Cir. 1993)). Judge Vidmar pointed out that at least two other decisions of this District had recently cited *Lujan* for this proposition. *Id.* (citing *United States v. Barela*, No. 15-3550, 2016 WL 5395275, at *3 (D.N.M. Sept. 16, 2016); *United States v. Contreras*, [Doc. 3] at 5 in 16-cv-0703 MCA/CG (D.N.M. July 14, 2016)). Although it was relevant to acknowledge how the issue has been and is being decided, Judge Vidmar was careful to note that he was not "rest[ing] [his] analysis on *Lujan*." *Id.* at 16 n.8.

Ultimately, Judge Vidmar concluded that New Mexico robbery entails force, or the threat of force, akin to the force required to meet the physical force requirement of § 4B1.2(a)(1). He found that Contreras had failed to show that there is a realistic probability that the New Mexico robbery statute could be satisfied by a degree of force less than that required to satisfy the physical force requirement. He therefore found that New Mexico robbery qualifies as a crime of

violence under the force clause of § 4B1.2(a).[8]   Based on his findings, Judge Vidmar recommended that Contreras's motion be denied.  *Id.* at 22.

### IV. Standard of Review for Objections to Magistrate Judge's PF&RD

A district judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).  "[O]bjections to the magistrate judge's report must be both timely and specific to preserve an issue for de novo review by the district court[.]"  *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  To preserve an issue, a party's objections to a PF&RD must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute."  *Id.*  Moreover, "theories raised for the first time in objections to the magistrate judge's report are deemed waived."  *United States v. Garfinkle*, 261 F.3d 1030, 1030–31 (10th Cir. 2001).

### V. Analysis

On de novo review, the Court agrees with Judge Vidmar that New Mexico robbery qualifies as a crime of violence under the force clause of § 4B1.2.  Contreras's objections will be overruled.   Because the Court need not conduct any further analysis to determine that Contreras's motion should be denied, the Court will not review Judge Vidmar's additional finding that Contreras's conviction also qualified under the commentary accompanying § 4B1.2 and will overrule as moot Contreras's objections as to that finding.

---

[8] Judge Vidmar went on to find that Contreras's conviction also qualifies as an enumerated crime of violence under the commentary to § 4B1.2.  [Doc. 12] at 18–22.  The Court need not detail Judge Vidmar's analysis of the Guidelines commentary because the Court will overrule as moot Contreras's objections to this finding, *see infra*.

<u>A. Contreras's objections are overruled as to
the force clause § 4B1.2(a).</u>

Contreras objects to Judge Vidmar's finding that New Mexico robbery requires force sufficient to satisfy the physical force requirement of § 4B1.2(a).  [Doc. 13] at 2–13.  His objections will be overruled.

In the main, Contreras re-asserts the arguments and authorities he cited in his original briefing.  *Id.* at 2–4.  He maintains that New Mexico robbery can be accomplished through the application of *de minimis* force to the victim.  *Id.* at 4–5.  He cites the same body of New Mexico case law to argue that the force required to be convicted under the New Mexico robbery statute is less than that required to constitute "physical force" under the Guidelines' force clause.  *Id.* And, as in his original motion, he cites an impressive volume of case law from other circuits— most of which he cited in his original motion—which he maintains supports his position.  *Id.* at 5.

*1. The Court adopts the reasoning set out in the PF&RD.*

On de novo review, the Court concludes that the force required for conviction of New Mexico robbery satisfies the physical force requirement of § 4B1.2(a).  The Court adopts the reasoning set out by Judge Vidmar in the PF&RD, described *supra*.

This outcome is bolstered by a recent decision of the Tenth Circuit, *United States v. Harris*, 844 F.3d 1260 (10th Cir. 2017), published after the PF&RD and Contreras's objections to the PF&RD were filed.  In *Harris*, the Tenth Circuit held that Colorado's robbery statute qualified as a violent felony under the force clause of the ACCA.  *Id.* at 1262.  In evaluating the ACCA's physical force requirement, the court found, "[i]t is important to keep in mind why it

18

was necessary for the Court [in *Johnson I*] to use the language" of "'*violent* force'" and "'strong physical force.'"   *Id.* at 1264–65 (quoting *Johnson I*, 559 U.S. at 140–41).   The Supreme Court, it noted, was "rejecting the government's argument that physical force means 'force' known in common law battery parlance"—that is, "even the slightest offensive touching."   *Id.* at 1265. Though *Johnson I* described the force required to satisfy the physical force requirement as "'a substantial degree of force,'" or "'strong physical force,'" it did so in service of differentiating between mere *de minimis* force (the force required to violate the state law at issue in that case) and the greater degree of force required to satisfy the force clause.   *Id.*

Turning to its evaluation of the force element of the Colorado robbery statute, the *Harris* court weighed heavily the language of a recent decision of the Colorado Supreme Court that discussed the distinction between larceny and robbery.   *Id.* at 1266–67 (citing *People v. Borghesi*, 66 P.3d 93, 99–100 (Colo. 2003)).   The additional requirement of violence—of "circumstances involving a danger to the person as well as a danger to property"—distinguishes Colorado robbery from the "property crime of larceny."   *Id.* (internal quotation marks omitted). The *Harris* court further found that pre-*Borghesi* case law in the Colorado appellate courts, to the extent the cases upheld robbery convictions on less-than-violent force, was not controlling.   *Id.* Based on its analysis, the Tenth Circuit also declined to follow several other circuits that have concluded that robbery does not meet the physical force requirement.   *Id.* at 1267–68.

*Harris* illuminates the requisite analysis and reassures the result in the present case.   As the court in *Harris* did with respect to Colorado case law, Judge Vidmar's PF&RD looked to language in decisions of the New Mexico courts explaining the distinction between larceny and

robbery.  *See* [Doc. 12] at 13–14.  The rationale supplied is the same—robbery is the more serious offense because, by requiring a taking from the person of another and requiring force sufficient to put the victim on notice, it necessarily puts the victim at risk of a dangerous confrontation with the thief.  The crime of robbery in New Mexico, as in Colorado, is designed to "punish the use of violence" and "protect citizens from violence."  *Bernal*, 2006-NMSC-050, ¶¶ 27–28.  And, as in *Harris*, Judge Vidmar declined to rely on other circuit court decisions interpreting state statutes whose force elements require no more than *de minimis* force.  *See* [Doc. 12] at 16–17.  True, the Colorado Supreme Court has supplied more explicit language on which the Tenth Circuit could base its interpretation of Colorado robbery's force element.  Though Colorado robbery is perhaps the easier case, *Harris* provides additional support for the outcome in this case.[9]

### 2. The government's concessions in other cases do not control the outcome here.

As he argued in his original briefing, Contreras asserts in his objections that the government has conceded in two other cases that New Mexico robbery does not qualify as a crime of violence under the force clause.  [Doc. 13] at 2–3.  To the extent Contreras is arguing that the government's concession in another case should dictate the outcome in this case, he supplies no authority to support his position.  His argument is unavailing.  Additionally worth

---

[9] The Honorable James O. Browning, United States District Judge, recently found that New Mexico robbery qualifies as a violent felony under the force clause of the ACCA.  *United States v. Garcia*, [Doc. 37] at 53–57 in 16-cv-0240 JB/LAM (D.N.M. Jan. 31, 2017).  His analysis largely tracked that of the Tenth Circuit in *Harris*.  Namely, Judge Browning looked to the language of the Supreme Court of New Mexico discussing the rationale behind distinguishing robbery from larceny.  *Id.* at 55–56.  Collecting cases from the Court of Appeals of New Mexico, Judge Browning further noted that, even as applied, the degree of force required to commit robbery in New Mexico satisfies the physical force requirement of the force clause.  *Id.* at 55 n.12.

mentioning are developments that occurred in both cases after Contreras filed his objections in this case.   In *United States v. Sanchez*, the United States has reversed its position in light of the Tenth Circuit's decision in *Harris*; the government no longer concedes that New Mexico robbery does not satisfy the physical force requirement of *Johnson I.  Sanchez*, [Docs. 53, 53-2] in 16-cv-0659 JP/GBW (D.N.M. Jan. 27, 2017).   And in *United States v. Garcia*, Judge Browning rejected the government's concession, conducted his own analysis, and ultimately concluded that New Mexico robbery *does* require force sufficient to satisfy the physical force requirement of the ACCA's force clause.  *Garcia*, [Doc. 37] at 56–57 in 16-cv-0240 JB/LAM.  Judge Browning, too, rooted his analysis in the reasoning of *Harris*.

### 3. The PF&RD did not rest improperly on Lujan<br>to reach its conclusion.

Finally, Contreras contends that Judge Vidmar improperly relied on a pre-*Johnson I* decision of the Tenth Circuit, *United States v. Lujan*, 9 F.3d 890, to conclude that New Mexico robbery satisfies the force clause.  [Doc. 13] at 8.  *Lujan* held that the defendant's sentence was properly enhanced under the ACCA's force clause based on his prior New Mexico robbery conviction.  *Lujan*, 9 F.3d at 891–92.  Contreras argues that *Lujan* carries no precedential value on this issue because the court did not actually undertake an analysis of the degree of force required to be convicted of robbery in New Mexico but merely resolved the question in a few sentences by looking at the language of the robbery statute.  [Doc. 13] at 8–10.  Contreras further argues that *Lujan* is not binding because it is inconsistent with an intervening Supreme Court decision—*Johnson I*—in which "the Supreme Court made clear . . . that [the force clause]

21

requires a certain amount of force: a strong force, a violent force capable of causing pain or injury. . . ." *Id.* at 11.

It is true that Judge Vidmar referred to *Lujan* and noted two recent decisions in this District that cited *Lujan* in their analyses of New Mexico robbery. [Doc. 12] at 16. However, Judge Vidmar noted that *Lujan* pre-dates *Johnson I*, and he therefore explicitly stated, "I do not rest my analysis on *Lujan*." *Id.* at 16 n.8. Judge Vidmar's declaration that he did not rely on *Lujan* is borne out by the fact that, before even referencing *Lujan*, he undertook a detailed analysis comparing the force element of New Mexico robbery against the physical force requirement of § 4B1.2(a)(1)—exactly the analysis Contreras demands. *See id.* at 8–15. Contreras's arguments about the ongoing precedential value of *Lujan* need not be addressed, because Judge Vidmar did not rely on *Lujan* to reach his recommendation.[10] The Court will overrule the objection.

### B. Contreras's objections are overruled as to the commentary to § 4B1.2(a).

Contreras also objects to Judge Vidmar's finding that New Mexico robbery qualifies as an enumerated crime of violence under the commentary to § 4B1.2. [Doc. 13] at 13. Because

---

[10] It is not clear to the Court that *Johnson I* necessarily altered the law of the Tenth Circuit as to the degree of force required to satisfy the force clause of the ACCA or Guidelines. It appears that *Johnson I* resolved a split among the circuits as to whether mere touching could satisfy the force clause. *See generally United States v. Hays*, 526 F.3d 674, 677–81 (10th Cir. 2008) (discussing the circuit split); *id.* at 684 n.4 (Ebel, J., dissenting) (also discussing the circuit split). The Supreme Court's holding—that mere touching was not enough—is consistent with earlier Tenth Circuit decisions. *See, e.g., United States v. Venegas-Ornelas*, 348 F.3d 1273, 1275 (10th Cir. 2003) ("Force, as used in the definition of a crime of violence, is synonymous with destructive violent force."); *Hays*, 526 F.3d at 681 ("[P]hysical force in a crime of violence[] must, from a legal perspective, entail more than mere contact. Otherwise, *de minimis* touchings could [suffice].") (internal quotation marks omitted). Thus, *Johnson I* seems to have affirmed the Tenth Circuit's approach. Accordingly, it does not appear that *Johnson I* necessarily changed the law in the Tenth Circuit nor made stale this Circuit's earlier decisions interpreting the scope of the force clause.

the Court has already determined that Contreras's motion should be denied because his robbery conviction qualifies under the force clause of § 4B1.2, the Court need not consider whether New Mexico robbery also qualifies as an enumerated offense under the Guidelines' commentary. Therefore, Contreras's objections to this finding will be overruled as moot.

### VI. Conclusion

New Mexico robbery qualifies as a crime of violence under the force clause of § 4B1.2. Contreras's objections will be overruled, and his motion to correct his sentence will be denied.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Contreras's Objections to Magistrate Judge's Proposed Findings and Recommended Disposition [CR Doc. 48; CV Doc. 13] are **OVERRULED**.

**IT IS FURTHER ORDERED** that Judge Vidmar's finding that Contreras's underlying conviction qualifies as a crime of violence and recommendation that his motion be dismissed [CR Doc. 47; CV Doc. 12] are **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendant Gilbert Contreras's Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255 [CR Doc. 34; CV Doc. 1] is **DENIED**. Case number 16-cv-0671 RB/SMV is **DISMISSED with prejudice.**

**IT IS SO ORDERED**.

_____
**ROBERT C. BRACK**
**United States District Judge**